UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JORDAN RANDOLPH,                                          :

           Plaintiff,                               :

      -against-                                      :

SERGEANT E. VAUGH, SERGEANT JOHN          :
HENLEY, CORRECTION OFFICER JOHN
MAYFIELD, CORRECTION OFFICER T.           :
PLUMMER & CORRECTION OFFICER L. DAVIS,
Individually and in their Official Capacities,     :

         Defendants.                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 Civ. 3108 (DAB) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Deborah A. Batts, United States District Judge:**

        Presently before the Court is defendants' motion to dismiss the § 1983 complaint of

pro se plaintiff Jordan Randolph, or for summary judgment. (Dkt. No. 14: Motion; see also Dkt.

Nos. 15-16, 19-20.) Plaintiff Randolph's opposition papers include both his affidavit and additional

documents. (Dkt. No. 21.)

        For the reasons discussed below, defendants' motion should be granted and plaintiff

Randolph's amended complaint should be dismissed.

## FACTS

### Plaintiff Randolph's Claims

Plaintiff Randolph's pro se amended complaint describes two distinct sets of events. First, Randolph asserts that on August 12, 2004, defendant Corrections Officer John Mayfield filed a false misbehavior report alleging that Randolph assaulted another inmate, and that as a result Randolph spent twelve days in keeplock confinement before being found not guilty of the charges. (Dkt. No. 4: Am. Compl. ¶ II.D; see Dkt. No. 15: Defs. Br. at 3; Dkt. No. 3: 3/23/05 Order by Chief Judge Mukasey at 1-2.)

The second incident raised in the complaint is that defendant Corrections Officers T. Plummer and L. Davis conducted a search of Randolph's cell and "confiscated legal documents that pertained to [Randolph's] currently pending appeal," which "appeal was later dismissed, because defendants confiscated the necessary documents to perfect [Randolph's criminal] appeal." (Am. Compl. ¶ II.D; see Defs. Br. at 3-4; 3/23/05 Mukasey Order at 2.)

### Chief Judge Mukasey's Order

Chief Judge Mukasey reviewed Randolph's original complaint, and dismissed it with leave to replead only certain claims. (Dkt. No. 3: 3/23/05 Mukasey Order.)

Chief Judge Mukasey dismissed Randolph's claims against the Department of Corrections pursuant to the Eleventh Amendment. (3/23/05 Mukasey Order at 2-3.) Chief Judge Mukasey dismissed Randolph's claim against Superintendent Fisher for lack of allegations of personal involvement. (3/23/05 Mukasey Order at 3.) Chief Judge Mukasey also dismissed

Randolph's retaliation claim as "'wholly conclusory.'" (3/23/05 Mukasey Order at 6-7.) Chief Judge Mukasey also dismissed Randolph's allegation that the Tier III misbehavior report was falsely filed, since there was no allegation that the disciplinary proceeding itself did not comply with due process requirements. (3/23/05 Mukasey Order at 3-4.) Randolph did not reallege any of these claims in his Amended Complaint, and thus they are not involved in the present motion.

Chief Judge Mukasey also dismissed Randolph's claim that he was keeplocked for twelve days, holding that twelve days in keeplock was not "'atypical and significant'" under Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995), and thus Randolph was not deprived of a protected liberty interest. (3/23/05 Mukasey Order at 4-5.) Chief Judge Mukasey dismissed Randolph's denial of access to the courts claim (based on the seizure of his legal material), for failure to "allege actual injury as a result of his allegation that defendants removed legal paperwork from his cell." (3/23/05 Mukasey Order at 6.)

Chief Judge Mukasey granted Randolph leave to amend his complaint "to detail his claims of retaliation" – which Randolph has not done – "and denial of access to courts." (3/23/05 Mukasey Order at 7.) "As to plaintiff's denial of access to courts claim, plaintiff must show actual injury as a result of his allegation that defendants removed his legal items from his cell. Plaintiff must also name the individuals involved as defendants and state how they were involved in the alleged constitutional violation." (3/23/05 Mukasey Order at 7.)

On or about May 19, 2005, Randolph filed his Amended Complaint (Dkt. No. 4),
described above. On November 9, 2005, defendants moved to dismiss the Amended Complaint.
(Dkt. No. 14; <u>see also</u> Dkt. Nos. 15-16, 19-20.)

## ANALYSIS

I. **RANDOLPH'S TWELVE DAYS IN KEEPLOCK CLAIM SHOULD BE DISMISSED WITH PREJUDICE UNDER THE "LAW OF THE CASE" DOCTRINE AND, IN ANY EVENT, AS WITHOUT MERIT**

Randolph's Amended Complaint reasserted his claim relating to the twelve days he
spent in keeplock before he was found not guilty of the disciplinary charge. (Dkt. No. 4: Am.
Compl. ¶ II.D; <u>see</u> page 2 above.) Chief Judge Mukasey already dismissed that claim, without leave
to replead it. (Dkt. No. 3: 3/23/05 Mukasey Order, discussed at page 3 above.)

Under the "law of the case" doctrine, although ultimately a matter of judicial decision,
"'courts are understandably reluctant to reopen a ruling once made,' especially 'when one judge or
court is asked to consider the ruling of a different judge or court.'" <u>Lillbask</u> v. <u>Conn. Dep't of Educ.</u>,
397 F.3d 77, 94 (2d Cir. 2005) (quoting 18B Charles Allan Wright, Arthur R. Miller & Edward H.
Cooper, <u>Federal Practice & Procedure: Jurisdiction 2d</u> § 4478 at 637 (2002)). Courts in this District
have utilized the law of the case doctrine to refuse to reconsider claims that Chief Judge Mukasey
dismissed without leave to replead while allowing the plaintiff to replead other claims. For example,
in <u>Williams</u> v. <u>City of New York</u>, 03 Civ. 5342, 2005 WL 901405 at *9 (S.D.N.Y. Apr. 19, 2005),
Judge Sweet utilized the law of the case doctrine to dismiss a claim that Chief Judge Mukasey had
dismissed and not allowed to be amended. Judge Sweet stated:

> By granting leave to amend the complaint as to specific allegations only, . . . none of which implicated A.D.A. Stolley, the Chief Judge implicitly precluded [plaintiff] from introducing further claims against A.D.A. Stolley, thereby firmly resolving this issue. Accordingly, Stolley's motion to dismiss is granted and all claims in the [second amended complaint] against her are dismissed with prejudice.

Williams v. City of New York, 2005 WL 901405 at *9; see also, e.g., Brown v. City of New York, 98 Civ. 3844, 2004 WL 2884306 at *12-13 (S.D.N.Y. Dec. 10, 2004); Cummings v. Artuz, 237 F. Supp. 2d 475, 483 (S.D.N.Y. 2002); Rodriguez v. Hanslmaier, 982 F. Supp. 279, 284 n.1 (S.D.N.Y. 1997) (Sprizzo, D.J. & Peck, M.J.).

Moreover, there is no reason to reconsider the Chief Judge's dismissal of the twelve days in keeplock claim, because the law is clear in this Circuit that, in applying the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995), where the "period of time in SHU [or keeplock] was exceedingly short – less than the 30 days that the Sandin plaintiff spent in SHU" – dismissal is appropriate, even in the absence of a detailed factual record, where "there was no indication that the plaintiff endured unusual SHU [or keeplock] conditions." Palmer v. Richards, 364 F.3d 60, 65-66 (2d Cir. 2004); accord, e.g., Jermosen v. Cahill, No. 97-2408, 159 F.3d 1347 (table), 1998 WL 537189 at *1 (2d Cir. June 12, 1998) (6 days in keeplock), cert. denied, 525 U.S. 908, 119 S. Ct. 248 (1998); Hynes v. Squillace, 143 F.3d 653, 658-59 (2d Cir.) (21 days in keeplock), cert. denied, 525 U.S. 907, 119 S. Ct. 246 (1998); Arce v. Walker, 139 F.3d 329, 335-36 (2d Cir. 1998) (18 days in SHU); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996) (12 days in SHU); see also, e.g., Freeman v. Goord, 02 Civ. 9033, 2005 WL 3333465 at *9 (S.D.N.Y. Dec. 7, 2005) (8 days in SHU); Gill v. Defrank, 98 Civ. 7851, 2000 WL 270854 at *20 (S.D.N.Y. Mar. 9,

2000) (Peck, M.J.) (15 days in keeplock), <u>report & rec. adopted as modified on other grounds</u>, 2000

WL 897152 (S.D.N.Y. July 6, 2000) (Buchwald, D.J.), <u>aff'd</u>, 8 Fed. Appx. 35 (2d Cir. 2001);

<u>Williams</u> v. <u>Keane</u>, 95 Civ. 0379, 1997 WL 527677 at *8 & n.5 (S.D.N.Y. Aug. 25, 1997) (Peck,

M.J.) (6 or 7 days in keeplock); <u>Pampalone</u> v. <u>Young</u>, 95 Civ. 2348, 1996 WL 511569 at *3

(S.D.N.Y. Aug. 7, 1996) (Stein, D.J. & Peck, M.J.) (10 days in keeplock).

Since plaintiff Randolph in the Amended Complaint has not alleged any "atypical"
conditions during his twelve days in keeplock, the Court has no reason to review the Chief Judge's
decision dismissing that claim without leave to replead, nor to come to a different result even if the
Court were to review the claim on the merits. Accordingly, Randolph's keeplock claim should be
dismissed with prejudice.

## II. RANDOLPH'S ACCESS TO THE COURTS (DESTRUCTION OF LEGAL DOCUMENTS) CLAIM SHOULD BE DISMISSED BECAUSE HE WAS NOT INJURED SINCE THE FIRST DEPARTMENT ADDRESSED HIS CRIMINAL APPEAL ON THE MERITS

In granting Randolph leave to amend his access to the courts (destruction of legal
documents) claim, Chief Judge Mukasey instructed Randolph:

> As to plaintiff's denial of access to courts claim, plaintiff must show actual injury as
> a result of his allegation that defendants removed his legal items from his cell.

(Dkt. No. 3: 3/23/05 Mukasey Order at 7; <u>see also</u> <u>id</u>. at 6.)

In opposition to defendants' motion to dismiss, Randolph submitted an October 12,
2004 letter from the Clerk of the First Department, noting that Randolph's criminal appeal would be
included on the First Department's October 28, 2004 dismissal calendar for failure to perfect the

appeal. (Dkt. No. 21: Randolph Aff. Ex. E: 10/12/04 1st Dep't Letter.) However, published

decisions of the First Department, of which the Court can take judicial notice[1] (even if defendants

had not submitted copies in their reply papers, Dkt. No. 20: Adlerstein 1/3/06 Aff. Exs. A-B), prove

that that did not occur. First, the First Department extended Randolph's time to perfect his appeal.

See People v. Randolph, No. M-4818, 2004 N.Y. App. Div. LEXIS 14357 at *1-2 (1st Dep't

Nov. 18, 2004) ("Upon the Court's own motion, time to perfect appeal enlarged to the March 2005

Term . . ."). Second, based on briefs submitted on Randolph's behalf by the Office of the Appellate

Defender, the First Department heard Randolph's criminal appeal on the merits, but affirmed his

conviction. People v. Randolph, 23 A.D. 3d 244, 245, 805 N.Y.S.2d 44, 45-56 (1st Dep't 2005).

Thus, since the First Department heard and decided his criminal appeal on the merits,

Randolph did not suffer any judicially cognizable injury from defendants' search of his cell and

alleged seizure of his legal materials, and thus he has not alleged a claim of denial of access to the

courts. See, e.g., Covino v. Reopel, No. 96-2295, 108 F.3d 1369 (table), 1997 WL 138856 at *1 (2d

Cir. Mar. 18, 1997) (prisoner could not establish denial of access to courts based on alleged

---

[1]    E.g., Jasper v. Sony Music Entm't, 378 F. Supp. 2d 334, 338-39 (S.D.N.Y. 2005) ("On a
      motion to dismiss, a court may also consider matters 'of which judicial notice may be taken
      under Fed. R. Evid. 201.'"); see, e.g., Anderson v. Rochester-Genesee Reg'l Transp. Auth.,
      337 F.3d 201, 205 n.4 (2d Cir. 2003) (taking judicial notice of related district court decision);
      Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 n.3 (2d Cir. 2000) (taking judicial notice of
      California state court decision); Jacobs v. Law Offices of Leonard N. Flamm, 04 Civ. 7607,
      2005 WL 1844642 at *2 (S.D.N.Y. July 29, 2005) (taking judicial notice of related
      Massachusetts state court custody decision); NAACP v. A.A. Arms, Inc., Nos. 99 CV 3999,
      99 CV 7037, 2003 WL 21135576 at *1 (E.D.N.Y. May 7, 2003) (Weinstein, D.J.) (taking
      judicial notice of state court's opinion); see generally Fed. R. Evid. 201.

destruction of his legal papers by prison officials because state court's affirmance of his conviction was attributable to the lack of merit of his claims, not to the misconduct of prison officials); Stubbs v. De Simone, 04 Civ. 5755, 2005 WL 2429913 at *17 (S.D.N.Y. Sept. 30, 2005); Arce v. Walker, 58 F. Supp. 2d 39, 44-45 (W.D.N.Y. 1999) (prisoner's allegation that prison officials confiscated and damaged his legal papers thereby denying his right of access to the courts failed because the case prisoner points to was dismissed before the alleged misconduct occurred and there was no evidence that prisoner failed to comply with any court order); see generally Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182 (1996) (right to access to courts refers to prisoners' access "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement" via § 1983 actions).

## CONCLUSION

For the reasons set forth above, the Court should dismiss Randolph's Amended Complaint with prejudice.[2]

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A.

---

[2] The Court therefore need not reach defendants' additional grounds, including failure to exhaust administrative remedies.

Batts, 500 Pearl Street, Room 2510, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Batts (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:     New York, New York
         February 17, 2006

Respectfully submitted,

**Andrew J. Peck**
United States Magistrate Judge

Copies to:   Jordan Randolph
         Lee Alan Adlerstein, Esq.
         Judge Deborah A. Batts